ORIGINAL

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **PAMELA R. FRANK**<br>**3387 CITRUS LANE**<br>**CINCINNATI, OHIO 45239**<br><br>*Plaintiff,*<br><br>v.<br><br>**JOHN E. POTTER**<br>**POSTMASTER GENERAL**<br>**475 L'ENFANT PLAZA**<br>**WASHINGTON, D.C. 20260**<br><br>**AND**<br><br>**THELMALICE PHIPPS**<br>**GROESBECK POST OFFICE**<br>**8721 COLERAIN AVENUE**<br>**CINCINNATI, OHIO 45251-2917**<br><br>*Defendants.* | : Case No.: **1:08CV595**<br>:<br>:<br>: SPIEGEL, J.<br>:<br>:<br>: **COMPLAINT**<br>:<br>:<br>: **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

NOW COMES Plaintiff Pamela R. Frank, by and through undersigned counsel, and respectfully states his Complaint against the Defendants John E. Potter, Postmaster General of the United States and Thelmalice Phipps as follows:

## I. JURISDICTION AND VENUE

1. This federal district court has jurisdiction over the following claims asserted against John E. Potter, the Postmaster General of the United States, discrimination under Title VII of the Civil Rights Act of 1991 and 1964, as amended, 42 U.S.C. §§ 2000e, et. seq.; discrimination under the Americans with Disabilities Act, 29 U.S.C. §§ 12101, et. seq. and the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et.seq.. Further, this Honorable Court has supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C. § 1367. Venue is properly invoked in this district, as the tortious conduct giving rise to the claims occurred within this district, and/or the Defendants reside and/or conduct substantial business within this district.

## II. THE PARTIES

2. Plaintiff Pamela R. Frank is a long term employee of the United States Postal Service, who has suffered from discrimination and been damaged by the actions of a supervisor, which caused her emotional distress which is compensable under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et.seq.. Ms. Frank is a Caucasian female employee, who has a severely handicapped child, who resides with her. Ms. Frank has substantial and significant caretaking responsibilities for her severely handicapped son. These responsibilities were severely hampered and hindered by the discriminatory misconduct complained of herein.

3. Defendant John E. Potter, Postmaster General of the United States, is the designated representative of the agency, which is required to abide by federal and state anti-discrimination statutes. However, the United States Postal Service has a pattern and practice of routinely disregarding the civil rights of its employees, such as Pamela R. Frank.

4. Defendant Thelmalice Phipps is named in her individual capacity for actions which directly and proximately caused the infliction of emotional distress to Ms. Frank from the false allegations of "assault" on or about July 22nd, 2006.

5.. Defendant Thelmalice Phipps was a supervisor of Ms. Franks during 2006 and acted outside of the scope of her employment by filing a false criminal charge against Ms. Frank which was dismissed by the Hamilton County Municipal Court. This action by Defendant Phipps caused extreme emotional anxiety and distress to Ms. Frank. Defendant Phipps is liable to Ms. Frank for the negligent and/or reckless infliction of emotional distress to Ms. Frank.

6. Defendant John E. Potter is the designated official, representing the United States Postal Service, under federal law, and is liable for the negligence of its employees, such as Defendant Phipps, under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et.seq. and is liable to Ms. Frank for the amount of Seventy-five thousand ($75,000.00) dollars, in accordance with Exhibit 1 attached hereto.

## III. ADMINISTRATIVE PROCEEDINGS

7. Plaintiff Pamela R. Frank filed a Formal Complaint of Discrimination against John E. Potter, Postmaster General of the United States, alleging discriminatory misconduct against the United States Postal Service and its supervisors. The Formal Complaint of Discrimination resulted in a Final Agency Decision being issued on June 11, 2008. This federal district court action is timely filed within ninety (90) days of the Final Agency Decision.

## IV. ALLEGATIONS OF FACT

8. Defendant John E. Potter, the designated official for the United States Postal Service, has employed fifteen or more employees for each working day in each of twenty of more calendar weeks in the current or preceding calendar year and was engaged in interstate commerce or was an agent of such a person or entity constituting an "employer" as that term is defined by state and federal anti-discrimination statutes. Plaintiff Pamela R. Frank is a long term employee of the a letter carrier; Ms. Frank

9. Plaintiff Pamela R. Frank has been subjected to a pattern and practice of harassment and disregard of her civil rights by Postal Service supervisors and management personnel. Frank is protected under the ADA, from harassment and retaliation based upon her association and caretaking responsibilities with her severely handicapped son.

10. Plaintiff Pamela R. Frank has been severely hampered and hindered from exercising her caretaking responsibilities by the malicious and unjustifiable actions of the United States Postal Service management personnel, including specifically Matt Johns.

11. On or about January 9, 2008, Plaintiff Pamela R. Frank was denied permission to have her residence as an authorized lunch stop during her mail route. Ms. Frank had used her lunch break to check on her handicapped son and to make necessary medical appointments for her son. This lunch break did not alter or affect Ms. Frank's ability to competently and professionally perform her duties as a letter carrier. Defendant John E. Potter, Postmaster General of the United States, acting through, Matt Johns, Customer Services Manager, Groesbeck Post Office and Diane Staudt, Customer Services Supervisor, discriminated against Ms. Frank on the basis of her race, gender, disability (Association with a Disabled Person) and have retaliated against her because of her prior EEO activity, all in violation of

the Rehabilitation Act of 1973 and Title VII of 42 U.S.C. §§ 2000e-2(a), 2000e-2(b) and 2000e-2(c), pertaining to compensation, terms, conditions and privileges of employment.

12. The United States Postal Service, acting through Johns and Staudt, engaged in pattern and practices of discriminatory misconduct, including, inter alia., on or about November 29, 2007 Ms. Frank was informed that she could no longer use the telephone while on the clock and on or about January 9, 2008, Ms. Frank was denied in her request to have her residence as an Authorized Lunch Stop. Ms. Frank's son has been diagnosed with birth asphyxia, cerebral palsy with spastic quadriplegia, speech delay, gastroesophageal reflux, asphasia, anxiety, chronic constipation and hypothyroidism. Ms. Frank's son, Doug Frank is completely dependent upon his parent/caregiver for medical care and for activities of daily living.

13. Plaintiff Pamela R. Frank was subjected to discriminatory treatment by Matt Johns, who stated that "We don't pay you to talk on the phone! You are not to make or take calls on your cell phone on the clock!" wellers, Darius Robinson and Duraid Jaju to continue during 2004

14. On January 9, 2008, management restricted the letter carriers to "Authorized Lunch Locations" listed in the carriers' route book. As part of the pattern of harassment, Ms. Frank was followed by a USPS employee, who reported that Ms. Frank had taken her lunch break at her residence. Mr. Johns and Ms. Staudt did not remedy this situation some after the Formal EEO Complaint was filed.

15. Mr. Johns has routinely harassed and acted with hostility toward Ms. Frank, who has not seen Mr. Johns behave in this manner toward African American employees; Ms. Frank alleges that such misconduct constitutes reverse race discrimination under Title VII of the Civil Rights Act of 1964.

16. The actions of the management personnel, Johns and Staudt constituted reprisal for the prior EEO activity, which Ms. Frank has engaged in on a number of prior occasions. Upon information and belief, Johns and Staudt were aware of her prior EEO activitiy. Further, the persistent practices of harassing Ms. Frank on her route, denying her cell phone use and the the use of her residence as an Authorized Lunch Location were part of the retaliatory discrimination perpetrated against her.

### FIRST CLAIM: VIOLATIONS OF REHABILITATION ACT OF 1973

17. Plaintiff Pamela R. Frank hereby restates and realleges the allegations contained in Paragraphs One through Sixteen, with the same force and effect, as if fully rewritten herein.

18. Johns and Staudt knowingly acted to interfere with Ms. Frank's ability to care for her severely handicapped son. These actions were done with the intention of harming Ms. Frank, causing her extreme anxiety and duress and in fact, accomplished that malicious intention.

18. Plaintiff Pamela R. Frank alleges that her association with a disabled invidual and her need for a reasonable accomodation falls within the scope of the protection of the Rehabilitation Act of 1973. Further, the harm caused by these actions constituted an adverse employment action, in that the terms, and conditions of her employment were affected by the malicious denial of her use of her cell phone and the denial of her residence as an Authorized Lunch location. roducts, Inc. during the twelve months prior to the start

19. There was no legitimate business purpose for these restrictions; neither Johns nor Staudt ever indicated that Ms. Frank's job performance was hampered or hindered by the use of her cell phone or by stopping at her residence for lunch. worksite; and (5) Mr.

20. As a direct and proximate result of the malicious actions of the Defendant John E. Potter, Postmaster General, acting through, Matt Johns and Diane Staudt, among others, Plaintiff has incurred compensatory damages in excess of seventy-five thousand ($75,000.00) dollars according to proof at trial.

21. As a direct and proximate result of the malicious, willful and wanton misconduct and and reckless and/or intentional disregard for the civil rights of Ms. Frank, Ms Frank is entitled to recover exemplary damages and attorneys' fees from the Defendant John E. Potter, Postmaster General of the United States.

22. As a direct and proximate result of the violations of the Rehabilitation Act of 1973, by the Defendants herein, Plaintiff is entitled to recovery of lost wages, recovery of out-of-pocket expense for medical treatment, compensation for pain and suffering, mental anguish, recoupment of actual monetary losses, according to proof at trial.

## SECOND CLAIM: RACE DISCRIMINATION
[Violation of 42 USC §§ 2000e-2(a); 2000e-2(b) and 2000e-2(c)]

23. Plaintiff hereby restates and realleges the allegations contained in Paragraphs One through Twenty-two (1-22), with the same force and effect, as if fully rewritten herein.

24. Plaintiff Pamela R. Frank has been subjected to a pattern and practice of reverse race discrimination, which has affected the terms and conditions of her employment.

25. Defendant John E. Potter, Postmaster General of the United States has acted with discriminatory intent, and engaged a pattern and practice of reverse race discrimination, in violation of the Title VII of the Civil Rights Act of 1964.

26. Plaintiff Pamela R. Frank has been subjected to a pattern and practice of reverse race discrimination, which has affected the terms and conditions of her employment, thereby entitling Plaintiff to the recovery of compensatory damages, punitive damages, an award of attorneys' fees and costs.

## THIRD CLAIM: GENDER-BASED DISCRIMINATION

27. Plaintiff Pamela R. Frank hereby restates and realleges the allegations contained in Paragraphs One through Twenty-six (1-26), with the same force and effect, as if fully rewritten herein.

28. Plaintiff Pamela R. Frank hereby alleges that the Defendant John E. Potter, Postmaster General of the United States, has violated Title VII by discriminating against a female mother a severely handicapped child, by treating more harshly, harassing her, when management has not exhibited any such conduct towards any male employees.

29. Defendant John E. Potter, Postmaster General of the United States, has violated Title VII by discriminating against a female mother a severely handicapped child, by treating more harshly, harassing her, and is thereby liable to Ms. Frank for compensatory damages, punitive damages, an award of attorneys' fees and costs, in excess of One Hundred Thousand ($100,000.00) dollars, according to proof at trial.

## FOURTH CLAIM: RETALIATORY DISCRIMINATION

29. Plaintiff Pamela R. Frank hereby restates and realleges the allegations contained in Paragraphs One through Twenty-eight (1-28), with the same force and effect, as if fully rewritten herein.

30. Defendant John E. Potter, Postmaster General of the United States, acting through supervisory personnel, Johns and Staudt, has engaged in unlawful retaliatory discrimination as a direct and proximate result of the prior EEO activity of Ms. Frank. Upon information and belief, the supervisors, Johns and Staudt were aware of the numerous EEO complaints which Ms. Frank had pursued against the Postal Service and its personnel.

31. Defendant John E. Potter, acting through its supervisory personnel, including but no limited to Johns and Staudt, acted vindictively to harass and discriminate against Ms. Frank. As a direct and proximate result of the discriminatory misconduct, which constituted retaliatory discrimination under federal law; said defendants are therefore liable to Plaintiff for compensatory damages and punitive damages in excess of one hundred thousand ($100,000.00) dollars according to proof at trial.

## FIFTH CLAIM: LIABILITY UNDER FEDERAL TORT CLAIMS ACT

32. Plainitff Pamela R. Frank hereby restates and realleges the allegations contained in Paragraph One through Thirty-one (1-31), with the same force and effect, as if fully rewritten herein.

33. Plaintiff Pamela R. Frank has fully complied with the administrative prerequisites for the submission of the claim for a sum certain in the amount of $75,000.00 to be awarded to her for the violations of the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et.seq. for the

negligent infliction of emotional distress by Defendant Thelmalice Phipps, and the false prosecution of criminal charges against Ms. Frank.

32. Plainitff Pamela R. Frank requests the amount of $75,000.00 pursuant to the Federal Tort Claims Act, be awarded to her and that Defendant John E. Potter, Postmaster General of the United States be ordered to pay that sum to Ms. Frank.

## SIXTH CLAIM: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff Pamela R. Frank hereby realleges and restates the allegations contained in Paragraphs One through Thirty-two, with the same force and effect, as if fully rewritten herein.

34. Plaintiff alleges that the actions of the Defendant Thelmalice Phipps, in pursuing a false and spurious prosecution of Ms. Frank caused extreme and severe emotional distress to Ms. Frank, in addition to the substantial out-of-pocket expenses incurred by Ms. Frank in defense of the malicious and feckless prosecution.

35. As a direct and proximate result of the negligent infliction of emotional distress upon the Plaintiff, Plaintiff is entitled to recovery of compensatory damages in excess of one hundred thousand dollars, according to proof at trial.

## PRAYER FOR RELIEF

I. Judgment be entered for Plaintiff Pamela R. Frank, against the Defendant John E. Potter, Postmaster General of the United States for compensatory damages in the amount of three hundred thousand ($300,000.00) dollars for the discrimination based upon Plaintiff's gender, association with disabled, violations of the Rehabilitation Act of 1973, reverse race discrimination and for reprisal against Ms. Frank; that such practices be declared unlawful; that the Defendants be found

to have engaged in willful discrimination and that the Defendants be enjoined from further acts or practices of discrimination.

II. Judgment be entered in favor of the Plaintiff Pamela R. Frank for negligent infliction of emotional distress, under state law, against Ms. Thelmalice Phipps, in her individual capacity, in excess of one hundred thousand ($100,000.00) dollars.

III. That the Court award Plaintiff Pamela R. Frank punitive or exemplary damages of not less than two hundred and fifty thousand ($250,000.00) dollars as she may be entitled.

IV. That the Court grant Plaintiff judgment against the Defendants for Plaintiff's attorneys' fees and costs and expenses incurred herein;

V. That the Court grant Plaintiff such further additional relief, legal or equitable, as the Court may deem just and proper.

Respectfully Submitted,

Geoffrey P. Damon, Esq. (0029397)
Trial Attorney for Plaintiff
119 East Court Street, Suite 402
Cincinnati, Ohio  45202-1203
(513) 632-5333
(513) 721-5824 (FAX)
gdamon@damonlawoffice.com

## JURY DEMAND

Plaintiff Pamela R. Frank hereby demands a Trial by Jury in accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure upon all issues and claims so triable.

*[signature]*

Geoffrey P. Damon, Esq. (0029397)
Trial Attorney for Plaintiff
119 East Court Street, Suite 402
Cincinnati, Ohio 4520-1203
(513)
(513) 579-1418 (FAX)
gdamon@damonlawoffice.com