UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


PAMELA R. FRANK,          :     NO. 1:08-CV-00595
                     :
      Plaintiff,     :
                     :     **OPINION AND ORDER**
   v.               :
                     :
JOHN E. POTTER,        :
Postmaster General of   :
Unites States Postal Service, :
et al.              :
                     :
      Defendants.    :


This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint (doc. 10), Plaintiff's Response in Opposition (doc. 14), and Defendants' Reply (doc. 15). For the reasons indicated herein, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion.

**I. Background**

The facts of this matter, which for the purposes of the instant motion are taken to be true, are alleged in Plaintiff's Complaint, as follows. Plaintiff Pamela Frank is employed by the United States Postal Service as a letter carrier (doc. 1). Plaintiff alleges that her managers, Matt Johns, ("Johns"), Customer Service Manager, and Diane Staudt, ("Staudt"), Customer Services Supervisor routinely harassed her and acted with hostility toward her because of her Caucasion race and female gender (Id.). Specifically, Plaintiff alleges that on or about November 29, 2007, Johns informed her that she could no longer use the telephone while

on the clock (doc. 1). Later, on or about January 9, 2008, her supervisor denied her permission to have her residence as an authorized lunch stop during her mail delivery (Id.). Plaintiff had been using her lunch break stop at home to check on her handicapped son and to make necessary medical appointments for him (Id.). Plaintiff's son, Doug Frank, has been diagnosed with birth asphyxia, cerebral palsy with spastic quadriplegia, speech delay, gastroesophageal reflux, asphasia, anxiety, chronic constipation, and hypothyroidism and is completely dependent upon Plaintiff for medical care and daily living activities (Id.). Plaintiff alleges Johns and Staudt did not act in a hostile manner toward African-American employees (Id.). In addition, Plaintiff alleges that another supervisor, Thelmalice Phipps, ("Phipps"), falsely accused Plaintiff of assault and filed criminal charges against Plaintiff (Id.). Later, in her briefing, Plaintiff argues it was actually Phipps who assaulted her, when Phipps repeatedly physically blocked Plaintiff's movement to the timeclock and in exiting the building (doc. 14).

Plaintiff filed this action on September 5, 2008, alleging six claims for relief (doc. 1). Plaintiff alleges first that Johns and Staudt knowingly acted to interfere with her ability to care for her severly handicapped son with the intention of harming Plaintiff in violation of the Rehabilitation Act of 1973 (Id.). Second, Plaintiff alleges she has been subjected to a

pattern and practice of reverse race discrimination, which has affected the terms and conditions of her employment in violation of Title VII of the Civil Rights Act of 1964, 42 USC §§ 2000e-2(a); 2000e-2(b); and 2000e-2(c) (<u>Id</u>.). Plaintiff's third claim is that she has suffered gender discrimination, as she alleges she has been treated more harshly than male employees (<u>Id</u>.). Plaintiff alleges fourth that Johns and Staudt engaged in unlawful retaliatory discrimination as a direct and proximate result of Plaintiff's prior Equal Employment Opportunity activity (<u>Id</u>.). Fifth, Plaintiff brings a claim pursuant to the Federal Tort Claims Act, ("FTCA"), for negligent infliction of emotional distress by Phipps for her alleged filing of false criminal charges against Plaintiff (<u>Id</u>.). Plaintiff's sixth claim is also against Phipps, for negligent infliction of emotional distress, under state law (<u>Id</u>.).

Although Plaintiff's Complaint invokes the protection of the Americans with Disabilities Act based on her "association and caretaking responsibilities with her severely handicapped [S]on," Plaintiff does not explicitly allege a claim under the ADA.

## II.  The Applicable Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to determine whether a cognizable claim has been pleaded in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim

showing that the pleader is entitled to relief." <u>Westlake v. Lucas</u>, 537 F.2d 857, 858 (6th Cir. 1976). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). Rule 8(a)(2) operates to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). A court examines a complaint in light of the objectives of Rule 8 using the standard articulated in <u>Jones v. Sherrill</u>, 827 F.2d 1102, 1103 (6th Cir. 1987):

> In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint. <u>Windsor v. The Tennessean</u>, 719 F.2d 155, 158 (6th Cir. 1983), <u>cert. denied</u>, 469 U.S. 826 (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. <u>Id</u>. at 158; <u>Conley v. Gibson</u>, 355 U.S. 41 (1957).

<u>Jones</u>, 824 F.2d at 1103.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). A complaint must plead enough facts to state a claim for relief that is plausible on its face. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007). "In practice, a complaint . . . must contain either direct or inferential

4

allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." <u>Car Carriers, Inc. v. Ford Motor Co.</u>, 745 F.2d 1101, 1106 (7th Cir. 1984), <u>quoting</u> <u>In Re: Plywood Antitrust Litigation</u>, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

<u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 437 (6th Cir. 1988).

**III. The Parties' Arguments**

Defendants argue first that Plaintiff does not have a claim under the American with Disabilities Act because the act does not provide for disability discrimination against federal employers (doc. 10, <u>citing</u> <u>Brantley v. Runyon</u>, 19997 U.S. Dist. LEXIS 23551 (S.D. Ohio, Western Division 1997)). Moreover, Defendants argue, the ADA expressly exempts federal employers through the definition of "employer" (<u>Id</u>. <u>citing</u> 42 U.S.C. §12111(5)(B)). As such, to the extent that Plaintiff alleges an ADA claim, Defendants argue such claim must be dismissed for lack of subject matter

jurisdiction (Id.).

Defendants next argue that the Plaintiff's claim pursuant to the Federal Tort Claims Act should be dismissed on sovereign immunity grounds (Id.). The FTCA provides that the employee of the federal entity must be acting "within the scope of his office or employment" in order for the United States to be a party in a tort claim. 28 U.S.C. § 1346(b). The government argues that even if Phipps' actions are within the scope of her employment Plaintiff's claim is barred due to the intentional tort exception excluding claims arising from assault, battery, false arrest, false imprisonment, defamation and misrepresentation (doc. 10, citing 28 U.S.C. § 2680, United States v. Neustadt, 366 U.S. 696 (1961), Hartwig v. United States, 80 F.Supp. 2d, 765, 767 (N.D. Ohio 1999)).

The Government next argues that Phipps must be dismissed because she is not a proper party (Id.). The government contends the only proper party under the Federal Tort Claims Act is the United States (Id. citing Safeway Portland Employees' Federal Credit Union v. FDIC, 506 F.2d 1213 (9th Cir. 1974)). The government further argues that Plaintiff's claim under the FTCA must be dismissed because neither the U.S. Constitution nor federal statutes create a cause of action and there is no state action present (Id. citing Lombard v. United States, 690 F.2d 215 (D.C. Cir.1982)).

Finally, Defendants argue that the Plaintiff's claims pursuant to Title VII and the Rehabilitation Act must be dismissed because limitations on cell phone usage and lunch break restrictions do not constitute an adverse employment action (Id.). Defendants argue that an adverse employment action must be shown in Rehabilitation Act, Title VII claims, and retaliation claims (Id. citing Smith v. Henderson, 2002 U.S. Dist. LEXIS 27528 *4(W.D. Ky 2002), Christopher v. Stouder Mem'l Hospital, 936 F.2d 870, 877 (6th Cir. 1991). Defendants argue that every act affecting an individual's employment cannot be considered a "materially adverse change in the terms and conditions of [a plaintiff's] employment" (Id. citing Burlington Indus. Inc. V. Ellerth, 524 U.S. 742, 761(1998), Hollins v. Atlantic Co., 188 F.3d 652, 662 (2nd Cir. 2000)).

In response to Defendants' motion to dismiss, Plaintiff argues her Complaint provides sufficient notice to the Defendants of the claims asserted, because according to Rule 8 of the Federal Rules of Civil Procedure only a "short and plain statement of the claim upon the grounds upon which the Court's jurisdiction depends" is required (doc. 14, citing F.R.C.P. 8(a)). Plaintiff further argues that the analysis under the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, et. seq. runs closely parallel to analysis under the ADA--as both have identical elements for a prima facie case (Id.). Plaintiff argues she has properly stated a claim under the

7

Rehabilitation Act of 1973 based on her association with a disabled individual (Id. citing Doe v. Salvation Army in the United States, 531 F.3d 355, 2008 U.S. App. LEXIS 13774 (6th Cir. 2008)).

Next Plaintiff argues she has properly pleaded a claim for reverse race discrimination based on her allegation that Johns hollered at her for her use of her cell phone at work while not doing the same to African American employees (Id.). Plaintiff contends that because she had been treated differently at work than her African American co-workers, she is entitled to compensation for reverse discrimination (Id.). Plaintiff next argues that her third claim states a prima facie claim for gender based discrimination because she was discriminated against as the mother of a handicapped child, when management treated her more harshly and harassed her while not treating any male employees in such a way (Id.).

Plaintiff argues her fourth claim states a prima facie claim for retalitory discrimination in violation of Title VII, 42 U.S.C. §2000e-3(a), because her supervisors allegedly retaliated against her as a direct and proximate result of her filing of an EEO Complaint (Id. citing Crawford v. Metropolian Government of Nashville and Davidson County, Tennessee, 129 S.Ct. 846, 172 L.Ed.2d 650, 2009 U.S.LEXIS 870 (2009)).

Next Plaintiff argued that the fifth claim states a prima facie claim for liability under the Federal Torts Claims Act

because the FTCA allows for suit against the United States for injury or loss of property caused by the negligent or wrongful act of any employee of the government while acting within the scope of his or her office or employment (doc. 14, _citing_ 28 U.S.C. §1346(b)(1)). Plaintiff further argues that negligent infliction of emotional distress is compensable under the Federal Tort Claims Act (Id. _citing_ Truman v. United States, 26 F.3d 592, 1994 U.S. App. LEXIS 18272 (1994)). Plaintiff contends the United States is liable for negligence in the supervision of violent personnel, citing Bodin v. Vagshenian, 462 F. 3d 481, 2006 U.S. App. LEXIS 22443 (5th Cir. 2006)(Id.). Plaintiff argues Phipps assaulted and battered her resulting in negligent infliction of emotional distress which has been recognized as actionable by the Ninth Circuit (Id. _citing_ Saudi Arabia v. Nelson, 507 U.S. 349 (1993) ; Sheridan v. United States, 487 U.S. 392 (1988)). Plaintiff contends that even when an individual commits an assault, the United States may be liable for negligent failure to supervise and negligent failure to exercise reasonable care in supervision, which is not excepted from the waiver of sovereign immunity (Id. _citing_ Senger v. United States, 103 F.3d 1437 (9th Cir. 1996)). In Plaintiff's view, the issue of whether Phipps was acting within the scope of her employment is a factual inquiry inappropriate for resolution by way of a Motion to Dismiss (Id.).

Finally, Plaintiff argues her sixth claim states a _prima_

facie claim for negligent infliction of emotional distress because Phipps' allegedly false assault charge against Plaintiff resulted in Plaintiff's false arrest and jailing (Id.).  Plaintiff contends her executed statement as to Phipps's alleged false assault charge should be viewed as credible, and should preclude dismissal of her claim (Id.).

In reply and in support of their motion to dismiss the Defendants argue first that the United States is the only proper defendant under the FTCA (doc. 15).  Since Plaintiff has not named the United States as a Defendant, Defendants argue the FTCA claim fails to establish subject matter jurisdiction (Id.).  Defendants contend that neither the Postmaster General nor any of his employees are proper defendants in a FTCA suit (Id. citing 28 U.S.C. §§1346(b) and 2679(a); Allen v. Veterans Administration, 749 F.2d 1386, 1388 (9th Cir. 1984); Stewart v. United States, 659 F.2d 1084 (7th Cir. 1981, affriming 503 F. Supp. 59 (N.D.Ill. 1980)).

Second, Defendants argue that Plaintiff is not a disabled individual within the definition of the Rehabilitation Act and the American with Disabilities Act does not grant jurisdiction here (Id.).  Defendants argue no Sixth Circuit authority recognizes the ability of a relative of a disabled person to sue for relief under the Rehabilitation Act (Id.).  Although the Northern District of Ohio, relying on a 10th Circuit decision, recognized an association-based claim under the ADA, Defendants argue this is not binding

authority in the Southern District of Ohio, nor does the authority involve the Rehabiliation Act (<u>Id</u>. <u>citing</u> <u>Anthony v. United Telephone Co. Of Oh.</u>, 277 F.Supp. 2d 763 (N.D. Ohio 2002)(<u>citing</u> <u>Den Hartog v. Wasatch Academy</u>, 129 F.3d 1076, 1084-85 (10th Cir. 1997))). Defendants argue Plaintiff's reliance on <u>Doe v. Salvation Army in the United States</u>, 531 F.3d 355 (6th Cir. 2008) is misplaced, as <u>Doe</u> involved no claim that someone was subjected to an adverse employment action based on the alleged disability of a family member (<u>Id</u>.).

Finally, Defendants argue Plaintiff's claims of retaliation and discrimination are patently deficient since the two "adverse" actions she complains of do not qualify as "adverse employment actions" (<u>Id</u>.). Defendant contends other courts have found that bans of use of cell phones during work hour does not constitute an adverse employment action, regardless of whether the ban was implemented over all employees (<u>Id</u>. <u>citing</u> <u>Hout v. City of Mansfield</u>, 550 F. Supp.2d, 701, 732 (N.D. Ohio 2008)(court found that cell phone usage ban at work is not an "adverse action" <u>per se</u>), <u>Burns v. Winrock Corp. (Midwest)</u>, 565 F.Supp.2d 1056 (D. Minn. 2008)(prohibition of cell phone use not adverse employment action).

Defendants argue Plaintiff's alleged second "adverse action" of temporarily not being able to use her home as a designated break area until she formally complied with rules to change the designation of her authorized break locations does not

constitute an adverse employment action under the Rehabilitation Act or Title VII (Id.). Defendants further contend Plaintiff has failed to allege a single similarly-situated male individual who received different treatment (Id.). Finally, Defendants argue that because Plaintiff currently takes breaks at home the matter is moot.

## IV. Discussion

### A. Count I

Plaintiff's first count in her Complaint is pursuant to the Rehabilitation Act and is premised on the theory that she suffered adverse employment actions based on her relationship with her handicapped son. The Sixth Circuit reviews claims brought under the Rehabilitation Act, which covers federal employees, as it does claims brought under the Americans with Disabilities Act. Doe v. Salvation Army in the United States, 531 F.3d 355, 357, citing Brenneman v. MedCentral Health Sys., 366 F.3d 412, 418 (6th Cir. 2004). As such, the Court finds valid Plaintiff's references to the ADA in her Complaint.

The Court notes that the ADA includes explicit provisions regarding association claims, 42 U.S.C. § 12112(b)(4), which in the Court's view, are standards incorporated by reference into the Rehabilitation Act. Title 29 U.S.C. § 791(g)("The standards used to determine whether this section has been violated. . .shall be the standards applied under Title I of the Americans with

Disabilities Act of 1990 (42 U.S.C. 12111 <u>et seq</u>.)"). Moreover, the Court also finds consistent with <u>School Board of Nassau County v. Arline</u>, 480 U.S. 273 (1987)(superceded on other grounds to expand its coverage further) that the Supreme Court has taken a broad view of the definition of handicap under the Rehabilitation Act. These facts, combined with the parallel nature of these intentionally remedial statutes, leads the Court to conclude, absent authority to the contrary, that a discrimination claim based on an association with a handicapped individual is actionable under the Rehabilitation Act. Indeed, at least one Circuit has found that cases decided under the Rehabilitation Act are precedent for cases under the ADA, and vice-versa. <u>Cash v. Smith</u>, 231 F.3d 1301, 1305 n.2 (11th Cir. 2000). Under this view, which the Court accepts, the Court finds the Northern District of Ohio's outline of the parameters of an association claim in an ADA matter relevant to this matter under the Rehabilitation Act. <u>Anthony v. United Tel. Co.</u>, 277 F. Supp.2d 763 (a <u>prima</u> <u>facie</u> case of disablty discrimination based on association with a disabled person consists of a showing that 1) plaintiff was qualified at the time of the adverse employment action, 2) she was subjected to an adverse employment action, 3) the employer knew of the disability of the associated person, and 4) the adverse action took place under circumstances raising a reasonable inference that the disability was a factor in the employer's decision).

The parties in this case focus their arguments on the issue of whether Plaintiff has adequately alleged she has been subjected to an adverse action. The Sixth Circuit defines an adverse employment action as a "materially adverse change in the terms and conditions of employment." Hollins v. Atlantic Co., 188 F.3d 652, 662 (6th Cir. 1999). The Court disagrees with Defendant's position that the denial or access to a cell phone and the denial of a lunch stop to check in on her son could not, under certain circumstances, constitute adverse actions. The Hout case, cited by Defendants, involved a policy implemented toward all employees, as opposed to a policy allegedly directed only at a plaintiff or class of plaintiffs, and moreover, it involved no issue of care of a handicapped individual. 550 F. Supp. 701, 732. Similarly, the other authority cited by Defendants, Burns v. Winrock Corp., in no way involved the allegation that the defendant denied plaintiff the use of a cell phone to check on a sick family member. 565 F.Supp.2d 1056, 1062. The Court finds therefore, that Plaintiff has alleged a viable claim premised on the adverse action of denial of the use of a cell phone to check on her handicapped son.

Similarly, the Court finds that denial of access to her son during her lunch break could constitute a materially adverse change in the condition of her employment. Although the government indicates it has since approved Plaintiff's use of her home as a lunch stop, and critiques Plaintiff for not having

previously exhausted the administrative process to gain approval, the Court finds that for purposes of pleading her Complaint, Plaintiff's claim withstands the motion to dismiss.  It appears to the Court that the final determination whether the denial of access to her son during a lunch break for a period of time constitutes a materially adverse action is one for the trier of fact.

### B.  Counts II through IV

Plaintiff's next Counts allege she was subjected to reverse race discrimination, gender discrimination, and retaliation for filing EEO claims.  The Court agrees with Plaintiff that she has adequately pleaded these Title VII claims.  She pleaded that Johns harrassed her and treated her with hostility for using a cell phone, while African-American and male employees were allowed to use cell phones.  The analytical framework governing Title VII cases is well-established.  Under the applicable McDonnell Douglas framework, plaintiff must establish 1) that she is a member of a protected class, 2) that she was qualified for her job, 3) that she was subjected to an adverse employment action, and 4) that other similarly-situated employees not in her protected class were treated differently.  411 U.S. 792 (1973).  In the Sixth Circuit, to satisfy the first prong of the prima facie case in a case of reverse discrimination, the plaintiff must "demonstrate background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority." Sutherland v. Mich. Dep't. of Treasury, 344 F.3d 603, 614 (6th Cir.

2003).

Defendant critiques Plaintiff's Title VII claims on the basis that she has "failed to allege a single similarly-situated individual." However, the Court does not find a requirement at the pleadings stage that Plaintiff name names. Here, Plaintiff does more than proffer conclusory allegations that similarly-situated persons received different treatment. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556-57 (2007)(a plaintiff must do more than recite the formulaic elements of a cause of action but must include enough facts to raise a reasonable expectation that discovery will reveal evidence). Plaintiff identifies her supervisors whom she alleges engaged in discrimination. She identifies specific actions they took. She alleges that both men and employees of a different race, African-American, were treated differently. Under these circumstances, the Court finds Plaintiff has adequately alleged that she was subjected to different treatment than others of a different race and gender, and therefore these Title VII claims survive Defendants' challenge.

Similarly, Plaintiff alleges Johns and Staudt retaliated against her for her prior EEO activity, in contravention of the anti-retaliation provision of Title VII, 42 U.S.C. § 2000e <u>et</u> <u>seq.</u>, which prohibits discrimination against an employee for filing or pursuing an equal opportunity complaint. Plaintiff's Complaint adequately alleges she filed numerous EEO complaints, of which Johns and Staudt were aware, and for which Johns and Staudt

retaliated.

### C. Count V

Defendants' challenge to Plaintiff's Federal Tort Claims Act claim is well-taken. The FTCA provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee. 28 U.S.C. § 2679(a). Plaintiff failed to name the United States as a Defendant, and such failure results in a lack of jurisdiction. Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990).

### D. Count VI

The Court finds that Plaintiff's claim against Thelmalice Phipps in her individual capacity for negligent infliction of emotional distress similarly fails as a matter of law. A claim for negligent infliction of emotional distress under Ohio law is only cognizable where the plaintiff has either witnessed or experienced a dangerous accident and/or was subjected to an actual physical peril. Heiner v. Moretuzzo, 73 Ohio St. 3d 80, 85-87 (1995). Plaintiff's allegations at most amount to Phipp's having impeded her physical movement, and in Plaintiff's words "I put my hands up to try to get past her, she moved her body toward me and my hands touched her shoulder. . .she subsequently filed an assault charge against me; I was arrested and taken to jail. I had to pay a lawyer to defend me. The charge was dismissed on December 16, 2006." Plaintiff's claim, although captioned as one for negligent infliction of emotional distress, simply does not substantively

constitute such a claim. The Court therefore grants Defendant's motion as to such claim, without prejudice to refiling.

## V.    Conclusion

Having reviewed this matter the Court finds Defendants' Motion to Dismiss well-taken as to Plaintiff's FTCA claim, for failure to name the United States as a party. <u>Allgeier</u>, 909 F.2d 869, 871 (6th Cir. 1990). The Court similarly concludes that Plaintiff's negligent infliction of emotional distress claim against Thelmalice Phipps merits dismissal, as under Ohio law, the allegations fail to support such a claim. <u>Heiner v. Moretuzzo</u>, 73 Ohio St. 3d 80, 85-87 (1995). However, the Court rejects Defendants' arguments that Plaintiff's Rehabilitation Act claims and Title VII claims fail for the lack of pleading an "adverse action," or for the lack of naming names of similarly-situated unprotected employees. Plaintiff has also clearly pleaded a retaliation claim for having filed EEO complaints. Accordingly, the Court GRANTS IN PART Defendants' Motion to Dismiss (doc. 10) as to Counts V and VI of Plaintiff's Complaint, but DENIES Defendants' Motion as to the remaining claims in Counts I to IV.

SO ORDERED.


Dated: September 15, 2009      /s/ S. Arthur Spiegel

                               S. Arthur Spiegel
                               United States Senior District Judge