UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAMELA R. FRANK,                  :
                                  :
       Plaintiff,                 :    NO. 1:08-CV-00595
                                  :
   v.                             :
                                  :
JOHN E. POTTER,                   :    **OPINION AND ORDER**
Postmaster General of             :
United States Postal Service,     :
et al.                            :
                                  :
       Defendants.                :


This matter is before the Court on Defendant's Motion for Summary Judgment (doc. 28), Plaintiff's Response in Opposition (doc. 31), and Defendant's Reply (doc. 32). For the reasons indicated herein, the Court GRANTS Defendant's Motion for Summary Judgment, and DISMISSES this matter from the Court's docket.

**I.  Background**

Plaintiff Pamela Frank, a postal worker since 1984, brought her Complaint September 5, 2008, alleging her managers, Matt Johns, ("Johns"), Customer Service Manager, and Diane Staudt, ("Staudt"), Customer Services Supervisor, routinely harassed her and acted with hostility toward her because of her Caucasion race, her female gender, her handicapped Son, and for filing complaints with the Equal Employment Opportunity Commision ("EEOC") (doc. 1). Plaintiff's claims are grounded in two separate incidents, the first pertaining to use of her cell phone at work, and the second

pertaining to permission to use her home as a lunch break stop (doc. 28).

As for the first incident, on or about November 29, 2007, Johns told Plaintiff that he would follow Plaintiff on her delivery route (Id.). Johns testified that the tracking system of the post office showed that Plaintiff was taking an abnormally long amount of time between leaving the post office station and arriving at her first delivery (Id.). During the course of his surveillance of Plaintiff, Johns observed her take a cell phone call (Id.). After Plaintiff had been on the call for five minutes, Johns drove up to her and told her to stop talking on the phone (Id.). According to Plaintiff Johns told her "she was not paid to talk on the phone" (Id.). According to Defendants, in response, Plaintiff yelled at Johns, indicating that she had a handicapped son she had to deal with and asked Johns what she should do (Id.). Johns told her to hang up the phone and continue the route (Id.). Plaintiff interpreted Johns' action as a complete restriction against phone use while on the clock (Id.). The next day, however, Johns gave her a written policy indicating that emergency use of cell phones or calls during breaks was approved (Id.). Plaintiff was never disciplined for using her phone on November 29, 2007, she was docked no pay, and punished in no way (Id.). Plaintiff grieved the incident, which resulted in a resolution stating that official policy permits the use of a phone in an emergency (Id.).

The second incident stems from a directive from Staudt on January 9, 2008 that all mail carriers were required to update their paperwork concerning the locations they would use for lunch breaks (Id.). Plaintiff claims she requested that her home be designated for lunch breaks and her request was denied over her objections, until several weeks later (Id.). Plaintiff's grievance resolution shows that her home was ultimately approved, and her testimony shows that she continued to use her home for breaks, without any repercussions, while official approval was pending in January 2008 (Id.).

Plaintiff filed her Complaint in federal court on September 5, 2008, alleging six claims of relief (doc. 1). This Court previously dismissed two of Plaintiff's claims in response to Defendants' motion to dismiss, thus allowing Plaintiff's claims to survive, for 1) discrimination for association with a handicapped person pursuant to the Rehabilitation Act, 2) reverse race discrimination, 3) gender discrimination, and 4) retaliation for filing EEOC claims (doc. 20). In its previous Order the Court found that the denial of access to her handicapped Son and the denial of the ability to check on his condition by cell phone could constitute adverse actions, that Plaintiff had adequately alleged she was treated differently than those of a different race and gender, and that she adequately alleged her supervisors were aware of her EEO complaints (Id.). The parties conducted discovery, as

3

well as mediation, which was not successful. Defendants filed the instant motion for summary judgment, contending that there is no genuine dispute as to any material fact, and that they are entitled to judgment as a matter of law on each of Plaintiff's claims (doc. 28). Plaintiff responded, and Defendants replied such that this matter is now ripe for the Court's consideration (docs. 31, 32).

## II.  Applicable Legal Standard

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992) (per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252 (1986) (internal quotation marks omitted).

4

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact [.]" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>see</u> <u>also</u> <u>LaPointe</u>, 8 F.3d at 378; <u>Guarino v. Brookfield Township Trustees</u>, 980 F.2d 399, 405 (6th Cir. 1992); <u>Street v. J.C. Bradford & Co.</u>, 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. <u>See</u> <u>Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A.</u>, 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. <u>See</u> <u>Celotex</u>, 477 U.S. at 317; <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of <u>material</u> fact," an "alleged factual dispute between the parties" as to some ancillary

matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-248 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-340 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) (internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted

6

evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute. See Matsushita, 475 U.S. at 587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-455 (6th Cir. 1991).

**III. Analysis**

Defendants argue Plaintiff cannot establish a prima facie case of disparate treatment due to race, gender, or her association with a disabled person because she never suffered an adverse employment action (doc. 28). Under the applicable McDonnell Douglas framework, Plaintiff must show she is a member of a protected class, that she was subjected to an adverse employment action, that she was qualified, and that a similarly situated person not in the a protected class was treated more favorably. (Id. citing 411 U.S. 792, 802 (1973)). Here, Defendant contends

7

the facts that her supervisor told her to stop talking on the phone one time, and that it took a few weeks for her home to be approved for lunch breaks, do not amount to adverse actions (Id. citing Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761 (1998)(a materially adverse employment action is one that results in loss of pay, change in benefits, demotion, suspension, loss in vacation or sick leave)). Indeed, contend Defendants, Plaintiff was given the phone policy the day after she was confronted by Johns, and such policy said she could use the phone for emergencies, while on the clock, as well as during breaks (Id.). There is no evidence, argue Defendants, that Plaintiff was even confronted with an emergency on November 29, 2007(Id.). Defendants further argue that most of the comparators Plaintiff contends were permitted to use cell phones were either Caucasion or were associated with a disabled individual (Id.). Finally, Defendants contend Plaintiff's complaints are moot, having been resolved by grievance (Id.).

    Having reviewed this matter, the Court finds that Defendants correctly signal in their Reply (doc. 32), that Plaintiff's Response (doc. 31), does not really address the core contention of Defendants that Plaintiff was never really subjected to an adverse employment action. The Court agrees with Defendants' contention, as it finds no significant change in Plaintiff's employment status as a result of being instructed that she could use her phone in emergencies, and on lunch breaks. Nor does the

8

Court find a significant issue in that it took a few weeks for Plaintiff's home to be approved for lunch breaks.  Defendants correctly indicate that the Court's previous decision (doc. 20) was based on the mistaken conception that Plaintiff was somehow restricted from going home at lunch to care for her Son.  On the contrary, Defendants now proffer evidence that her Son is occupied outside of the home during the day, and that the only real benefit to Plaintiff in going home was that she could reach her Son and his caretakers by a cheaper land line.  Finally, Defendants proffer evidence that no one restricted Plaintiff from going home for her lunch breaks before the time that her home was officially approved, and no one reprimanded her for having done so.  All of these facts show Plaintiff suffered no materially adverse employment action. Moreover, even if the Court is mistaken in its conclusion, it is further of the opinion, as Defendants contend, that the resolution of Plaintiff's grievances render Plaintiff's complaints moot. County of Los Angeles v. Davis, 440 U.S. 625 (1979).

Having concluded that Defendants are entitled to judgment as a matter of law as to her race, gender, and association claims, the only remaining issue is that of Plaintiff's retaliation claim. In order to establish a prima facie case of retaliation, Plaintiff must establish 1) that she engaged in protected activity, 2) that Plaintiff's activity was known to Defendant, 3) that Defendant took an adverse employment action toward Plaintiff, and 4) that there

was a causal connection between the protected activity and the employment action. <u>Canitia v. Yellow Freight Sys., Inc.</u>, 903 F.2d 1064, 1066 (6th Cir. 1990). As the Court has already found above that Plaintiff was never subjected to any materially adverse employment action, Plaintiff's retaliation claim fails as well. Moreover, despite Plaintiff's argument that Defendants' representation is "patently false" that Johns did not know of Plaintiff's EEO activity (doc. 31), Defendants proffer evidence showing Johns never knew of Plaintiff's 2006 EEO activity (doc. 32). Johns only knew of Plaintiff's EEO activity that occurred subsequent to the cell phone and home lunch break issues at question in this matter (<u>Id</u>.). The Court therefore further finds no real question that Johns was unaware of Plaintiff's EEO activity, such that even if his action were materially adverse to Plaintiff, there can be no causal connection.

## IV. Conclusion

The Court finds Defendants' position correct that Plaintiff's claims fail as a matter of law, for failing to meet the requirement of showing she was subjected to an adverse employment action. The Court further finds Plaintiff's discrimination claims were all resolved through the grievance process, and are therefore moot. Finally, the Court finds no causal connection between Plaintiff's EEO activity and Johns' actions in this matter, as the evidence shows he did not know of Plaintiff's 2006 EEO complaints,

and he was not named in such matters.

Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment (doc. 28), and DISMISSES this matter from the Court's docket.

SO ORDERED.

Dated: February 15, 2011        /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge